UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

IN RE MICHAEL SAMEK                                                  1:14-MC-0012

_____

MICHAEL SAMEK,

                              Appellant,

    -against-                                                                         1:14-CV-0465

FIRST NATIONAL ACCEPTANCE
COMPANY OF NORTH AMERICA, INC.,

                              Appellee.

_____

## DECISION and ORDER

Presently before the Court is *pro se* Debtor-Appellant Michael Samek's ("Appellant") Renewed Emergency Motion to stay an order of the Bankruptcy Court pending appeal. In re Samek, 14-MC-0012 (N.D.N.Y. Mar. 18, 2014), Dkt. No. 5 ("Motion"). For the following reasons, the Motion is denied.

Federal Rule of Bankruptcy Procedure 8005 allows for a stay of a bankruptcy order pending appeal. Courts in this Circuit consider four factors before granting a stay request: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected." Hirschfield v. Bd. of Elections in the City of N.Y., 984 F.2d 35, 39 (2d Cir. 1993); see also In re Deep, 288 B.R. 27, 30 (N.D.N.Y. 2003).

Appellant has failed to show a substantial possibility of success appeal. He argues that, in January 2013, he discovered accounting errors that caused his 2010 payments on his mortgage to be

credited incorrectly. Mot. According to Appellant, if his payments were properly credited, he would not be in default now. Samek v. First Nat'l Acceptance Co. of N.A., Inc., 14-cv-0465 (N.D.N.Y. Apr. 24, 2014), Dkt. No. 2-1 ("Transcript") at 4-5, 25-26. However, Appellant signed a comprehensive settlement agreement with Appellee First National Acceptance Company of North America, Inc. ("Appellee") in July of 2013 that purportedly covered the mortgage and payments at issue. Tr. at 26. In general, a settlement agreement will be enforced when a party possessed the necessary information to discover a mutual mistake of fact but "then, of his own accord, chose to settle rather than investigate." Waite v. Schoenbach, No. 10 Civ. 3439, 2011 WL 3425547, at *5 (S.D.N.Y. Aug. 5, 2011); see also United States v. Bank of N.Y., 14 F.3d 756, 759 (2d Cir. 1994) ("When a party makes a deliberate, strategic choice to settle, she cannot be relieved of such a choice merely because her assessment of the consequences was incorrect."). Because Plaintiff has provided no evidence that the alleged payment-crediting error could not have been discovered through diligent investigation prior to settlement, he has not shown a substantial possibility that he will succeed on his appeal. Therefore, the Motion is denied.

Accordingly, it is hereby:

**ORDERED**, that Appellant Michael Samek's Motion (Dkt. No. 5) to stay a bankruptcy order pending appeal is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court close the case In re Michael Samek, 14-MC-0012 (N.D.N.Y. Mar. 18, 2014)[1]; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all

---

[1] Due to a docketing error, separate matters were opened for Appellant's appeal and his Motion. To avoid further confusion, Appellant is advised to file all additional filings under his appeal, No. 14-CV-0465.

2

parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: May 13, 2014
Albany, NY

Lawrence E. Kahn
U.S. District Judge